IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
CASE NO. 6:06-CV-01530-ORL-KRS

**UNITED STATES OF AMERICA** *ex rel*;
**GREGORY CHABOT**, as *qui tam* Plaintiff,

Plaintiffs,

vs.

**RCG ENTERPRISES, INC.**, a North
Carolina corporation,

Defendant.

_____\\

## DEFENDANT'S RESPONSE TO RELATOR'S MOTION FOR ATTORNEYS' FEES AND COSTS AND THE ASSESSMENT OF FCA CIVIL PENALTIES, TO STAY DELIBERATION OF FEE AWARD UNTIL AFTER REMAINING CHABOT TRIALS AND LEAVE TO AMEND THE AMOUNT OF FEES AND COSTS

Defendant, **RCG ENTERPRISES, INC.** ("RCG") by and through its undersigned counsel, files this Response to Relator's Motion for Attorneys' Fees and Costs and the Assessment of FCA Civil Penalties, to Stay Deliberation of Fee Award Until After the Remaining Chabot Trials and Leave to Amend the Amount of Fees and Costs and in support thereof states as follows:

1. At the conclusion of the trial on September 10, 2009, the Relator made an *ore tenus* motion to extend the timeframe for filing documents regarding attorneys' fees for thirty (30) days. {Docket 115}.

2. On September 10, 2009, this Court rendered an oral Order granting Relator's Motion to extend time thirty (30) days to file documents regarding attorneys' fees. {Docket 116}.

1

3. Also on September 10, 2009, this Court issued an oral Order requiring Relator to file his Memorandum in support of FEMA civil penalties with the Court within thirty (30) days. {Docket 117}.

4. Subsequently, on September 15, 2009, Relator filed an Emergency Motion to Continue and/or Suspend Proceedings. {Docket 123}.

5. An Order was entered by this Court granting Relator's Motion to Continue, which Order stayed all related deadlines until further notice from the Court. The Order required Relator to advise the Court within thirty-five (35) days from the date of entry of the Order as to the availability of Mr. Meredith to continue to serve as Relator's trial counsel. {Docket 124}.

6. On October 20, 2009, Relator filed a second Motion to Continue Stay of Proceedings for an additional sixty (60) days. {Docket 132, 135}.

7. This Court granted Relator's second Motion to Continue Stay and Ordered that the matter be stayed for an additional sixty (60) days and required Relator to advise the Court within the sixty (60) days as to the availability of Mr. Meredith to continue to serve as trial counsel for Relator. The Order stated that "No further extensions shall be granted on the basis of Mr. Meredith's unavailability." {Docket 136}.

8. On December 28, 2009, Relator filed his third Motion to Continue Partial Stay and Advisement to the Court as to Medical Status of counsel. {Docket 139}.

9. On January 4, 2010, a Notice of Appearance was filed on behalf of Relator by Kevin J. Darken. {Docket 140}.

10. This Court entered an Order on January 5, 2010, striking Relator's Motion to Continue for failure to comply with Local Rule 3.01(g). {Docket 141}.

11. On January 12, 2010, Relator re-filed his Motion to Continue Stay for ten (10) days, which Motion was unopposed by RCG. {Docket 142}.

12. On January 21, 2010, this Court entered an Order granting Relator's request for continuance for ten (10) days. {Docket 143}.

13. Relator filed a Consolidated Response to the Court's January 21, 2010 Order on Relator's Motion to Continue. **Relator requested the Court grant Relator and RCG ten (10) days from the date of the Court's Scheduling Order to file all outstanding post –trial motions.** {Docket 144}. (emphasis applied).

14. On February 5, 2010, Relator filed his post-trial Motion for New Trial as to Damages or in the Alternative for Summary Judgment as to Damages. {Docket 145}.

15. On February 8, 2010, Relator re-filed the Motion for New Trial as to Damages or in the Alternative for Summary Judgment as to Damages that was previously filed on February 5, 2010. {Docket 146}.

16. On February 10, 2010, this Court entered a Consolidated Order Denying Relator's Motion for Extension of Time to file any post-trial motions. The Order stated that "**in Case No. 6:06-cv-1530, the parties shall have twelve days to file any post-trial motions.**" {Docket 147}. (emphasis applied). Therefore, **the deadline for filing all post-trial motions was February 22, 2010.** (emphasis applied).

17. On February 19, 2010, RCG filed its Response to Relator's one and only post-trial Motion for New Trial as to Damages or in the Alternative for Summary Judgment as to Damages. {Docket 151}.

18. Despite the Court's clear requirement regarding the time for filing any post-trial motions

3

by Relator and RCG, on February 25, 2010, which was one hundred sixty seven days from the conclusion of the trial, Relator untimely filed his post-trial motion for attorneys' fees and costs and the assessment of FCA civil penalties. {Docket 152}.

19.     One hundred sixty seven (167) days prior to filing his post-trial motion for attorneys' fees and assessment of civil penalties, this Court, on September 11, 2009, granted Relator's request to extend the time for filing post-trial documents regarding attorneys' fees and also required Relator to file his Memorandum in support of FEMA civil penalties within thirty (30) days. Due to the intervening issues, these deadlines were consistently pushed further back until this Court's February 10, 2010 Order mandated that the parties file any post-trial motions within twelve (12) days, i.e., by February 22, 2010[1]. Despite the passage of almost six (6) months and additional counsel being retained off and on throughout this time, Relator still failed to file his post-trial motion for attorneys' fees and assessment of civil penalties by the date mandated by this Court's February 10, 2010 Order.

20.     In response to the merits of Relator's Motion regarding the magnitude of the claimed fees (2,062.3 alleged attorney hours, 1,233.6 alleged Class I paralegal hours, 1,088 alleged Class II paralegal hours) and costs (alleged $42,242.67 in combined cases), the Court is reminded that there were only three (3) depositions taken in this case, one motion for summary final judgment and a 4-1/2 day jury trial which can hardly equate to the magnitude of alleged hours and fees claimed by the Relator. Further, Relator failed to attach to his Motion any proper documentation or evidence supporting the alleged hours and has failed to attach any competent evidence supporting the suggested hourly rates. Obviously, Relator's counsel, by the admissions in his

---

[1] During the 167 days, Relator's counsel was released by his physicians to work one-half days which equates to twenty (20) hours per week which further equates to 668 hours [twenty (20) times 167], which is more than adequate time to prepare and file post-trial motions.

motion, has commingled not only the costs but his claimed fees in all six (6) cases. Further, the Court directed a verdict for the Defendant on the issue of damages and therefore those fees and costs associated with damages are clearly not recoverable. Therefore, in the event the Court were to even entertain Relator's Motion for attorneys fees and costs, Defendant would need ample opportunity to initiate discovery to Relator's counsel regarding the Relator's claims for fees and would request an evidentiary hearing.

21.   Finally, if the Court were to entertain Relator's belated request for the entry of penalties, Defendant would request an evidentiary hearing with the Court to enlighten the Court regarding the post-trial testimony of the FEMA contracting officer, Mr. McCreary, who recanted some of his trial testimony in his post-trial deposition.

### MEMORANDUM OF LAW

Pursuant to Rule 58 (a), Fed. R. Civ. P., "A claim for attorney's fees and related nontaxable expenses must be made by motion..." Rule 58 (b), Fed. R. Civ. P., discusses the timing of the motion for attorney's fees and costs and informs that a **court order setting the time for filing a motion for attorney's fees and costs takes precedence over the general filing timeframe set forth in Rule 58 (b)(i)**. (emphasis applied).

Rule 6 (a), Fed. R. Civ. P., mandates the computation of time for filing motion papers. In pertinent part, Rule 6 (a) states:

> (a) Computing Time. The following rules apply in computing any time period specified in these rules or in any local rule, **court order**, or statute:
> (1) Day of the Event Excluded. Exclude the day of the act, event, or default that begins the period.
> (2) Exclusions from Brief Periods. Exclude intermediate Saturdays, Sundays, and legal holidays when the period is less than **11 days**..."
> (emphasis applied).

Rule 6 (b), Fed. R. Civ. P., sets forth the provisions for extending the time for performing an act. Specifically, the Rule, in pertinent part, states as follows:

> (b) Extending Time.
> (1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
> (A) with or without motion or notice if the court acts, **or if a request is made, <u>before</u> the <u>original time</u> or its extension <u>expires</u>**..." (emphasis applied).

In the instant matter, the Court's February 10, 2010 Order clearly granted the Relator twelve (12) additional days following five and a half (5-1/2) months from the final day of trial to file all post-trial motions. In accordance with the guidelines in Rule 58, *supra*, this Court's February 10th Order takes precedence over the general filing deadlines set forth in the Rule. Therefore, Relator had twelve (12) days from the date of the Court's February 10th Order in which to file all post-trial motions, including his motion for attorneys' fees and assessment of civil penalties.

Relator blatantly ignored this Court's Order regarding filing deadlines when he filed his Motion for attorneys' fees and assessment of civil penalties **after** the expiration of the twelve (12) days mandated by the Court. Based on Rule 6 (a), Fed. R. Civ. P., the deadline for filing any post-trial motions by either Relator or RCG was February 22, 2010. This date was arrived at by excluding the date of the Order, i.e., February 10, 2010, that began the time for filing; counting twelve (12) consecutive days from Thursday February 11, 2010 through Monday February 22, 2010.

Finally, Relator also disregarded the requirements contained in Rule 6 (b) for extending the time for filing. <u>Relator did not request the Court extend the post-trial motion filing deadline prior to the expiration of the original time.</u> In fact, Relator never requested the Court to extend

the post-trial motion filing deadline espoused in this Court's February 10, 2010 Order. Rather, Relator just filed his post-trial Motion for Attorneys' Fees and Assessment of Civil Penalties in utter disregard of this Court's February 10, 2010 Order and the Federal Rules of Civil Procedure.

Based on the foregoing, Defendant, RCG Enterprises, Inc., objects to Relator's belated Motion for Attorneys' Fees and Assessment of Civil Penalties and requests this Court deny Relator's untimely Motion.

Regarding the merits of Relator's Motion for fees and costs, it is obvious that the Relator has commingled all his alleged attorney time, alleged paralegal time, and costs from <u>all</u> six (6) cases into his Motion, which is highly improper. For example, a fee petitioner must submit documentation supporting its fee request, and the documentation must be sufficiently detailed to permit the court to make a determination of whether the claimed hours are justified, which was not done in this case. *National Ass'n of Concerned Veterans v. Sec'y of Defense*, 675 F.2d 1319, 1327 (D.C. Cir. 1982). For example, Relator is suggesting the recovery of: (i) 2,062.3 in alleged attorney time; (ii) 1,233.6 hours of alleged Class I paralegal time; and (iii) 1,088 alleged Class II paralegal time in a case where three (3) depositions were taken; one (1) motion for summary judgment heard and a four and one-half (4-1/2) day jury trial; . . . however, there is no supporting documentation attached to the Motion except for a summary of cost. Again, a fee applicant bears the burden of documenting the appropriate hours so that the court may properly assess the time claimed for each activity. *Harbaugh v. Greslin*, 365 F.Supp2d 1274 (S.D. Fla. 2005). See also *Norman v. The Housing Authority of the City of Montgomery*, 836 F2d 1295 (11th Cir 1988) where the 11th Circuit explained the <u>Hensley</u> fee application process in detail confirming that fee counsel bears the burden in the first instance of supplying the court with specific and <u>detailed</u>

evidence from which the Court can determine an appropriate fee . . . if any. In fact, the 11th Circuit stated that a well-prepared fee petition also should include a summary, grouping the time entries by the nature of the activity or state of the case. *Ibid.* Further, a prevailing party may not recoup fees for time spent on purely clerical tasks because such tasks "ought to be considered part of normal administration overhead". *Michigan v. United States, EPA*, 254 F.3d 1087, 1095-96 (D.C. Cir. 2001)

Relator's suggested hourly rates are not supported by any evidence and it is the applicant who bears the burden of producing satisfactory evidence that the requested rate is in line with the prevailing market rates. *Norman, supra* at 1304. Satisfactory evidence at a minimum is more than an affidavit of the attorney performing the work, which was not submitted in this case. *Norman, supra* at 1304.

Also, there is the issue that the Court granted a directed verdict against the Relator on damages, yet, because Relator failed to attach counsel's time records it is impossible to determine which attorney time entries were related to liability issues and damage issues. The hours spent on the unsuccessful claim (i.e., damages) should be excluded in considering the amount of a reasonable fee. *Hensley v. Eckhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). In fact, reductions are appropriate if the relief is limited in comparison to the scope of the litigation taken as a whole. *See, Norman, supra.*

Even the attachment relating to "cost" is objectionable. For example, "Office expenses" ($2,173.93); Depositions unrelated to this case; staff travel and meetings ($2,547.81); travel expenses ($5,292.45); consolidated copy cost ($10,000.86); and all other costs are objectionable and not taxable.

**WHEREFORE** RCG requests the Court to deny Relator's Motion for Attorneys' Fees and Assessment of Civil Penalties.

DATED this __5h__ day of March, 2010.

> **BRANNON, BROWN, HALEY & BULLOCK, P. A.**
>
> By: __/s/ Stephen C. Bullock__
> **Stephen C. Bullock**
> **Florida Bar No.: 347264**
> Post Office Box 1029
> Lake City, Florida 32056-1029
> Telephone: (386) 752-3213
> Facsimile: (386) 755-4524
> Attorneys for RCG

## *CERTIFICATE OF SERVICE*

**I HEREBY CERTIFY** that on the __5h__ day of March, 2010, I uploaded the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Paul M. Meredith, Esquire
Trial Counsel for Relator, Gregory Chabot
P O Box 38
St. Augustine, FL 32085
meredithlawfirm@bellsouth.net

Phillip R. Lammens, Esquire
Office of U.S. Attorney
207 NW Second Street, Room 118
Ocala, FL 34475-6666
philip.lammens@usdoj.gov

Bruce M. Kleinberg, Esquire
Cohen, Foster & Romine, P.A.
201 E. Kennedy Blvd, Suite 1000
Tampa, FL 33602
bkleinberg@tampalawfirm.com

Jennifer Chorpening, Esquire
U.S. Dept. of Justice, Civil
Box 261 Ben Franklin Station
Washington, DC 20444
jennifer.chorpening@usdoj.gov

Kevin J. Darken, Esquire
Cohen, Foster & Romine, P.A.
201 E. Kennedy Blvd, Suite 1000
Tampa, FL 33602
kdarken@tampalawfirm.com

> __/s/ Stephen C. Bullock__