UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA**
*ex rel.* **GREGORY CHABOT,**

    **Plaintiff,**

v.                                                  **Case No.: 6:06-cv-1530-Orl-35-KRS**

**RCG ENTERPRISES, INC.,**

    **Defendant.**

_____/

## ORDER

**THIS CAUSE** comes before the Court for consideration of statutory penalties in light of the jury's verdict that Defendant, RCG Enterprises, Inc. ("Defendant"), knowingly presented or caused to be presented materially false or fraudulent claims to the Federal Emergency Management Agency ("FEMA"). (Dkt. 119) On September 10, 2009, after both sides presented evidence in support of their claims and defenses, the jury returned a verdict finding that Defendant knowingly made two false claims to FEMA. (Dkt. 119 at 2) A review of the record reveals that neither final judgment nor assessment of a statutory penalty was ever entered in this case. Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court hereby assesses a statutory penalty of $10,000.00, representing $5,000.00 for each false claim, against Defendant.

Under the FCA, a person is liable to the United States Government if that person "knowingly presents, or causes to presented, to an officer or employee of the United States Government . . . a false or fraudulent claim for payment or approval; or knowingly

makes, uses, or causes to be made or used, a false record of statement to get a false or fraudulent claim paid or approved by the Government . . . ." 31 U.S.C § 3729(a)(1) (2006). If a person is liable under the FCA, that person is subject to "a civil penalty of not less than $5000.00 and not more than $10,000.00 . . . ." 31 U.S.C § 3729(1). Under the FCA, a penalty is attached to each identifiable demand for payment or claim made. Imposition of penalties under the FCA is mandatory for each false claim. U.S. v. Killough, 848 F.2d 1523, 1533 (11th Cir. 1988). "The range in the amount of forfeitures apparently represents congressional intent to allow discretion in assessing forfeitures." U.S. v. Hill, 676 F. Supp. 1158, 1182 (N.D. Fla. 1987). Furthermore, case law suggests that the plaintiff must present evidence why the Court should award an amount over the statutory minimum. See U.S. v. Boutte, 907 F. Supp. 239, 242 (E.D. Tex. 1995) (awarding statutory minimum because the plaintiff did not present evidence supporting a fine higher than the minimum) (citing U.S. v. Fliegler, 756 F. Supp. 688. 694 (E.D.N.Y. 1990) (finding that because the government failed to present any reason why the highest fine was appropriate, the court awarded the minimum statutory fine)).

Here, while *quit tam* Plaintiff Gregory Chabot requested partial new trial and/or entry of summary judgment on the issue of damages (See Dkt. 146), Plaintiff has not presented any evidence to support imposition of the maximum penalty or a penalty higher than the statutory minimum. Accordingly, the Court imposes the mandatory minimum for each of the false claims submitted in this case. See Killough, 848 F.2d at 1533; see also Boutte, 907 F. Supp. at 242.

## IV. CONCLUSION

Therefore, in light of the foregoing, it is **ORDERED** as follows:

A. Final Judgment is entered against Defendant, RCG Enterprises, Inc., upon the jury verdict as described herein (Dkt. 119);

B. Plaintiff shall recover statutory penalties pursuant to 31 U.S.C § 3729(1) in the amount of $10,000.00.

C. Plaintiff's Motion for Attorney's Fees and Costs is **DENIED without prejudice** pending final resolution of all the Chabot cases presently before this Court. At that time the Court will entertain a motion for fees and costs in each case considering the overlap in labor as to each case; and

D. The **CLERK** is directed to **ENTER JUDGMENT** consistent with this Order and **ADMINISTRATIVELY CLOSE** this case.

**DONE** and **ORDERED** in Orlando, Florida, on this 24th day of March 2010.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record